McGOVERN (HARRIS v.). See Case No. 6,-125.

---

## Case No. 8,805.

### McGOVERN v. HEISSENBUTTEL.

[8 Ben. 46.] [1]

District Court, E. D. New York. Feb., 1875.

BILL OF LADING—DEMURRAGE—RECONSIGNMENT—USAGE—VARYING CONTRACT.

1. A cargo of coal, shipped at Schuylkill Haven, was brought to New York under a bill of lading, which contained these words: "With shipper's reconsignment option." It provided also for the payment of demurrage "if the cargo be not received within four working days after notice of arrival." On the arrival of the boat at New York, the master gave notice of her arrival to the consignee, who directed him to proceed to New Haven and deliver his cargo. The master denied the right of the consignee to reconsign him to New Haven, and refused to go there; but fifteen days after, he sent the consignee written notice that he was ready to discharge the coal at such place as the shipper should name, according

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

---

to the bill of lading; whereupon the consignee in writing again directed him to go to New Haven, and sent an order for the towage of the boat. The master accepted this reconsignment, and his boat was towed, at the expense of the consignee, to New Haven and back. At New Haven the master sought, by retaining his cargo, to compel the payment of demurrage for his detention in New York, but finally delivered his cargo. His boat was detained, up to the time of her return to New York, for twenty-six days beyond the four days specified in the bill of lading, and the master brought suit against the consignee to recover demurrage for that time. On the trial the defendant offered evidence that by usage the option mentioned in the bill of lading is exercised by the consignee as well as by the shipper. *Held*, that such usage would be a varying of the written contract and was not admissible in evidence.

2. The master, by accepting the reconsignment of the consignee, waived his right to object; such option could only be exercised by the shipper.

3. The master therefore could not recover demurrage for the period while he was refusing to go to New Haven, or while going there, or while refusing to deliver his cargo at New Haven, and the libel must be dismissed.

In admiralty.

Beebe, Wilcox & Hobbs, for libellant.
Goodrich & Wheeler, for respondent.

BENEDICT, District Judge. This is an action brought by Thomas McGovern, master of the barge Ann Burns, to recover freight and demurrage of the consignee of 165 tons of coal. The bill of lading, dated at Schuylkill Haven, June 24th, 1874, sets forth the shipment by the Philadelphia & Reading Coal & Iron Company, on board the Ann Burns, bound for 23d St., East river, N. Y., with shipper's reconsignment option, instructions at New Brunswick or New York, of a cargo of 165 tons of coal, to be delivered in like order and condition as above received (captain to pay no weighing expenses, extra tonnage, or costs of discharging cargo), at the aforesaid port of New York or port of reconsignment, danger of navigation excepted, to John D. Heissenbuttel, or his assigns, upon payment of freight and demurrage as follows: $1.65 per ton freight, together with demurrage as follows: If a proper berth for said vessel be not procured by the consignees of cargo, and cargo be not received from said boat, within four working days after notice of arrival, not counting day of arrival, the consignees for such day or part of a day thereafter (Sundays and legal holidays not excepted), shall pay the sum of eight dollars for each day.

The bill of lading also states that it is expressly understood that all freight in this bill of lading is exclusive of the cost of discharging, which must be done by the consignees without expense to the boat; also, that the captain is to pay no expense for weighing and the extra towage, and that the towage expenses of boats going beyond New York must be paid to and fro, from the Delaware & Raritan Canal Company's towing limit, by the consignee.

Under this bill of lading the coal in question was transported to the port of New York, and upon arrival there was reported to the

defendant on the seventh day of July; whereupon the master was directed by the defendant to proceed to New Haven and deliver his cargo there to E. Barnes & Co. The master denied the right of the consignee to re-consign him to New Haven, and refused at first to go there. Afterward, on the 22d day of July, he addressed the defendant a written notice that he was ready to discharge the coal at such place as the shipper may name, according to the terms of the bill of lading. To this notice the defendant replied upon the same day as follows: "In response to your letter I have again sent towage order to the Eastern Transportation Company, to tow you to New Haven, where you were originally ordered. Report to Barnes & Co., New Haven, for unloading."

The master accepted the reconsignment, and allowed his vessel to be towed at the expense of the defendant to New Haven, and having there discharged his cargo, was then towed back to New York at the expense of the consignee, where he arrived on the 6th day of August, having consumed beyond the four days allowed by the bill of lading in the discharge of the cargo, a period of 26 days dating from the day of his arrival in New York.

He now claims to recover demurrage for these days, of the defendant, upon the ground that under the bill of lading the consignee had no right to re-consign the cargo. Upon the part of the defendants testimony is offered to show that, by usage of the trade, the option mentioned in the bill of lading of this cargo is exercised as well by the consignee as by the shipper. I doubt the competency of such evidence. It seems to me to vary the plain language of the bill of lading. The bill of lading gives an option to the shipper, but gives no option to the consignee. To enlarge by parol evidence the language of the bill of lading so as to include the consignee as well as the shipper, would vary the contract in an important particular. But this question becomes unimportant in this case by reason of the fact proved, that the libellant waived his right to object to the reconsignment made by the consignee, by accepting and obeying the instructions of the consignee to deliver the cargo in New Haven. The acceptance of the direction of the defendant to go to New Haven after the notice sent him of July 22nd was a clear abandonment of the position originally taken, and entitled the defendant to suppose that the master intended to acknowledge his right to reconsign the cargo to New Haven.

In view of such an interpretation of the contract put upon it by the parties at the time, it would be unjust now to hold the defendant liable to pay extra compensation, in the way of demurrage, for the carrying of the coal to New Haven, or to pay for the detention of the vessel while her master was in a posture of refusing to acknowledge a right on the part of the defendant which he afterwards admitted.

If bound by this contract to go to New Haven, upon being so directed by the defendant, the libellant should have gone when first directed. If not so bound, his duty was to discharge his cargo at New York, after notice to the consignee, and hold it for his freight. Nor can he recover for the delay which arose in New Haven, for the boat could have been discharged there without any delay if he had not sought by holding his cargo to force payment of the demurrage which he claimed to have been incurred in New York. The libel must accordingly be dismissed with costs.